

FILED
CLERK, U.S. DISTRICT COURT
2/12/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ____LM____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID WORDEN | ) | Case Number: 2:21-cv-01400 PA (JCx) |
| | ) | |
| PLAINTIFF | ) | **PLAINTIFF'S ORIGINAL** |
| | ) | **COMPLAINT FOR** |
| Vs. | ) | **COPYRIGHT INFRINGEMENT** |
| | ) | **AND DEFAMATION BY LIBEL** |
| KRISTA HEMING, | ) | |
| FELIPE HEMING, | ) | **Exhibits 1 attached hereto and** |
| THE HEMING FIRM, LLC, | ) | **incorporated herein** |
| THERESA RICHARD, | ) | |
| DAVID BAILEY, | ) | Jury Trial Demanded |
| JONATHAN SPIEL, | ) | |
| YOUTUBE, INC., and | ) | |
| JON E. RIETVELD, II | ) | |
| | ) | |
| DEFENDANTS | ) | |

copyright
FEE PD
no related
sum/21

## PLAINTIFF'S ORIGINAL COMPLAINT FOR INFRINGEMENT OF PROTECTED COPYRIGHT AND DEFAMATION

TO THE HONORABLE JUDGE OF THIS COURT:

**COMES NOW**, David Worden in *propria persona*, Plaintiff, who hereby brings this his original complaint of copyright infringement and defamation against Defendants, Krista Heming, Felipe Heming, The Heming Firm, LLC., Jonathan Spiel, Theresa Richard, Youtube, Inc., and Jon E. Reitveld.

## I.   INTRODUCTION AND OPENING STATEMENT

1. Plaintiff Worden made a personal audio/video recording of an investigative interview conducted by the Deer Park Police Department of which Worden was the subject.  Worden confidentially reviewed this recording with his legal counsel and certain of their staff, who later publicized this recording with others through the internet, unbeknownst to Worden.

2.   Worden secured a formal copyright of this video to prevent its distribution and online posting. These other defendants who received copies of this video used it as foundation for unfounded public allegations of crimes against Worden which Worden has not ever been formally accused, charged, or convicted.

3.   This campaign of defamation and illegal use of privately owned and/or copyrighted material by all of these defendants has caused Worden great emotional distress and anguish, odium, and financial loss aside from infringing upon his ownership and/or copyright subsequent to being formally demanded to cease and desist.

## II. JURISDICTION AND VENUE

4. This action arises under 17 USC Chapter 5 to redress the infringement of Copyright.

5. This Court has jurisdiction under 28 USC §4101 for defamation by libel.

## III. PARTIES

### A. Plaintiff

6. Plaintiff David Worden, hereinafter "WORDEN", at all times relevant herein, was domiciled in the state of Texas.

### B. Defendants

Defendant Krista Heming, hereinafter, "KRISTA", at all times relevant herein, was domiciled in the state of California and is believed to be able to accept service at The Heming Firm, 222 W. 6th Street, Suite 400, San Pedro, CA 90731.

7. Defendant Felipe Heming, hereinafter, "FELIPE", at all times relevant herein, was domiciled in the state of California and it is believed to be able to accept service at The Heming Firm, 222 W. 6th Street, Suite 400, San Pedro, CA 90731.

8. Defendant the Heming Firm, LLC., is an incorporated fictitious person registered in the state of California with its primary office located 222 W. 6th Street, Suite 400, San Pedro, CA 90731, and at all timers relevant hereto maintained its presence in the state of California

9. Defendant Theresa Richard, hereinafter, "THERESA", at all times relevant herein, was domiciled in the state of Louisiana. Plaintiff believes that Theresa can be served at 1005 E. 7th St., Crowley, Louisiana, 70526.

10. Defendant David Bailey, hereinafter, "BAILEY", at all times relevant herein, was domiciled in the state of Texas.

11. Defendant Jonathan Spiel, hereinafter, "SPIEL", at all times relevant herein, was domiciled in the state of Oregon.

12. Defendant YOUTUBE, INC., hereinafter "YOUTUBE", is an incorporated fictitious person registered in the state of California and at all timers relevant hereto maintained its presence in the city of San Bruno in the state of California and it is believed service can be made to this defendant at Youtube, Inc., 901 Cherry Ave., San Bruno, CA 94066.

13. Defendant JON E. RIETVELD, II, hereinafter, "RIETVELD", at all times relevant herein, was domiciled in the state of California and it is believed to be able to accept service at 4005 Manzanita Ave., Suite 6-504, Carmichael, CA 95608.

## IV. GENERAL FACTUAL ALLEGATIONS

14. In December 2017 Worden, an entertainer, conducted an interview with the Deer Park, Texas Police Dept relating to a criminal allegation made against him. Worden informed the interviewers that he would be making his own audio/video recording of the interview, hereinafter "the video", which he did.

Worden, who is an entertainer, chose to incorporate "entertainment art", into the recorded interview in the event he would choose to publish the video at some future date in part or excerpt for a film production. At the time of the filing of this suit, the video was not and has not ever been published by Worden. Worden did apply for and receive a copyright certificate for the video, see Exhibit 1, titled as "Deer Park Interview".

15. During December 2017, Worden retained an attorney, defendant Krista, a known and licensed attorney in California for her professional assistance. The contact was made directly to and through Krista's presented assistant, Felipe, who is also Krista's husband.

16. Worden and Krista agreed that she would review the video and make an evaluation of Worden's possible legal vulnerabilities. Outside of these two defendants, Worden has not ever shared or presented the video with any other person, entity, or organization.

17. In March 2018, Worden terminated his relationship and any further professional contact with Krista and Felipe.

18. In March 2018, Worden was informed that defendant Spiel published via his controlled YouTube channel "Studio News Network" aka Masters Report, John Masters, published the video. The identified published video link was *http://www.youtube.com/watch?v=FSOfs2Q8noc.*

19. Worden shortly thereafter made a copyright infringement complaint to YouTube and demanded that they remove the video from Spiel's channel.

YouTube failed to remove the video and the video has remained published on YouTube through Spiel's channel since.

20. YouTube monetizes its published videos by attaching video ads from paying advertisers to subscribers posted videos. YouTube takes a small percentage of the advertising revenue and shares these profits with the approved publishing subscribers based upon views of all of the YouTube approved videos.

21. Worden was informed that both Spiel and YouTube have been receiving a financial benefit from this advertising revenue since the original upload of the video by Spiel onto the YouTube platform up to the present date.

22. Defendant SPIEL provided false contact information to Plaintiff to avoid being notified of the copyright infringement and served in specific to any pending relevant legal action.

23. In March 2019 defendant Bailey created a website called "FAANClub", with an internet website address of ***https://www.faanclub.com.*** On this internet platform Bailey targeted Worden as the primary subject of this

website. Bailey posted various documents and written narratives denigrating Worden relating to the video.

24. Additionally, Bailey posted a link on the FAANClub website which, upon selection, would connect the website visitor to the video hosted on another website, Bitchute. Worden believes that the only manner or means by which any person could gain access to the video was via the FAANClub website link.

25. After Bailey received a cease and desist letter from Worden regarding the copyrighted content, the video, Bailey changed the link name of the video from "Deer Park Interview" to prevent Plaintiff from locating it and petitioning to have it removed for copyright infringement.

26. Worden is well known in the "first amendment auditing community" and on YouTube. Worden determined that Bailey was profiting from the publication of the video and enlarging his website following by using Worden's name and publicizing access to the video available only via Bailey's website.

27. BAILEY received notice of the copyright violation and demand that he remove access to the video and any posting of the same. Bailey refused to

comply with this cease and desist and continues to act in this flagrant disregard to the present day. Bailey, for more than 3 years has continued to disregard Worden's copyright and has accompanied the video with defamatory and menacing postings and content regarding Worden.

28. At the date of the filing of this suit, the video continues to be accessible via the link on defendant Bailey's website, FAANClub. This link, ***https://www.faanclub.com/forum/resources/edw-deer-park-interview.74/,*** directs the visitor selecting the link to the video which was uploaded to BitChute by defendant Richards.

29. In March 2019, Worden, who was diligently monitoring the internet to ensure that the video was no longer being posted found that Richards was doing so on at minimum the BitChute forum. Upon receiving repeated notices by Worden to cease the copyright violation, all postings of the video by Richards were eventually ceased.

30. In January and February of 2021 defendant Rietveld published portions of, and/or the video in its entirety, claiming "fair use". Rietveld is making use of the links:

*https://youtu.be/-4kE0jhv9Tw* ,

*https://youtu.be/OxqaL5eiG5E* , and

*https://youtu.be/Ourx0gaAaIc*

31. Worden has notified Rietveld that because he owns the video and has never published the video; it is not in the public domain and it is not subject to "fair use". Plaintiff asserts that the video is stolen private property and that it was stolen by Krista and Felipe who converted the property and thereby granted unlawful access to others. Plaintiff has asserted his rights to control the publication of the video and that any publicly display of the video, absent his direct consent, infringes upon his ownership and copyright. Defendant RIETVELD was sent and received notice of the copyright violation and demand for its removal and has continued in his refusal to comply with Worden's cease and desist.

32. Defendant YouTube has refused to remove numerous publications of Plaintiff's personally owned and copyrighted "Deer Park Interview". Certain of the channel locations within the YouTube domain, including YouTube as the key host, where the video is being published and displayed are receiving financial benefit.

33. YouTube has permitted the access to the channels within its domain to publicly post view the video. Further, Richards, as one example, has provided false contact information to YouTube which is a violation of YouTube "Terms Of Service". Despite making YouTube aware of these violations YouTube has failed to remove the video and the channel, but has allowed this user at minimum to continue to grow their channel and receive financial gain.

34. YouTube has been contacted via their official contact email address by Worden on numerous occasions and been made unequivocally aware of these specific violations. Additionally, YouTube has been provided with copies of the Copyright Certificate, was sent and received notice of the copyright violation and Worden's demand for the removal of the video and/or Rietveld's channel.

YouTube has sporadically enforced the copyright violations and made it difficult, if not impossible, for Worden to protect his ownership.

35. All defendants participated in some aspect of securing, permitting, or arranging the improper publishing of the video. Further, certain of these defendants have passively or actively directed public access to the video in violation of Worden's ownership and copyright protection. Finally, certain of these defendants over the last 3 plus years, up to and including the present day, use a combination of internet blogs, access to the video, and/or other means to publicly disparage, defame, threaten and financially harm Worden to their own gain.,

## V. CLAIMS FOR RELIEF

A. COUNT 1 – Copyright Infringement

1. All defendants knew or should have known that the video is the exclusive property of Worden and absent his permission defendants had no valid authorization to publish the video, or allow access to the video in its entirety or any part thereof.

2. By having so acted all defendants have infringed upon Worden's ownership and copyright protection of the video and improperly gained financial and other reward to the harm and detriment of Worden.

B.    COUNT 2 – Defamation by Libel

1. All defendants knew or should have known that the video only involved an investigative interview of Worden by the Deer Park Police Department. All defendants knew or should have known that said investigation in and of itself is not equivalent to guilt, charge, trial, or conviction of Worden specific to any crime.

2. Despite this, all defendants in some form or part publicly made use of the video and created false narratives about Worden, casting him as a heinous criminal, resulting in his defamation, odium, and financial loss.

VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

A. Declaring that each and every Defendant violated WORDEN's copyright protection by publishing privately owned and/or copyrighted material owned by WORDEN absent his consent.

B. Declaring that Defendants BAILEY, RICHARD, SPIEL, REITVELD, and YOUTUBE deliberately and intentionally acted by participating in the maintenance of a website or information that was used for the sole purpose of defaming plaintiff WORDEN and causing injury and harm to WORDEN.

C. By preliminarily and permanently enjoining all Defendants from publishing and distributing his privately owned, copyrighted material or using it in any manner as a tool of defamation targeting WORDEN, as discussed above;

D. Grant general damages for costs and expenses incurred for bringing this suit and for those costs incurred by Worden to cause the copyrighted material to be regularly removed from forums,

  E. Grant that all profit gained by any and all defendants obtained by allowing access to the video be disgorged and awarded to Worden,

  F. Grant punitive damages against each defendant as determined by this court, and

  G. Grant exemplary damages against each defendant so as to prevent any further abuse to Worden and others.

  H. And grant any such other relief as appears reasonable and just, to which Plaintiff shows himself entitled.

  I. The declaratory relief requested in this action is sought against each Defendant; against each Defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

DATED this 12th day of February, 2021.

            *E. David Worden*
            David Worden
            401 6th Street

>Dickinson, TX 77539
>Phone: 832-640-8240
>Email: *newsnowhouston@gmail.com*
>In Proper Persona

Exhibition 1

Worden's Approved Copy Right Certificate

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn A. Temple*

United States Register of Copyrights and Director

**Registration Number**
**PAu 3-993-157**
**Effective Date of Registration:**
August 13, 2019
**Registration Decision Date:**
October 29, 2019

---

**Title**

Title of Work: Deer Park,Tx=Police Interview 12-11-17

**Completion/Publication**

Year of Completion: 2018

**Author**

- Author: Earl David Worden
  Pseudonym: News Now Houston
  Author Created: entire motion picture
  Work made for hire: No
  Citizen of: United States
  Domiciled in: United States
  Year Born: 1961

**Copyright Claimant**

Copyright Claimant: Earl David Worden
401 6th Street, 401 6th Street, Dickinson, TX, 77539, United States

**Rights and Permissions**

Name: Earl David Worden
Email: newsnowhouston@gmail.com
Telephone: (832)640-8240
Address: 401 6th Street
Dickinson, TX 77539 United States

**Certification**

Page 1 of 2