Krista R. Hemming, SBN 304213
THE HEMMING FIRM
222 WEST 6TH STREET, STE 400
San Pedro, CA 90731
Tel: (657) 342 - 1488
Fax: (949) 258 - 5963
E-mail: thehemmingfirm@gmail.com

KRISTA HEMMING
Pro Se

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WORDEN,<br><br>    Plaintiff,<br><br>v.<br><br>KRISTA HEMING, FELIPE HEMING, THE HEMING FIRM, LLC, THERESA RICHARD, DAVID BAILEY, JONATHAN SPIEL, YOUTUBE, INC., and JON E. RIETVELD, II<br><br>    Defendants. | Case No.: 2:21-CV-01400 PA (JCx)<br><br>**DEFENDANT KRISTA HEMMING'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MOTION TO DISMISS; DECLARATION OF KRISTA R. HEMMING**<br><br>Judge:  Hon. Percy Anderson<br>Date:   July 12, 2021<br>Time:  1:30 p.m.<br>Dept:   9A |

To all parties and their counsel of record

    Defendant Krista Hemming, erroneously sued as Krista Heming, individually and dba The Hemming Firm, erroneously sued as The Heming Firm, LLC will and hereby does move the Court for an order dismissing the complaint and summons against them, or in the alternative quash service, pursuant to Fed R. Civ. P. 12(b)(4), and (5) on the grounds that service and process was ineffective and improper.

    Additionally, Defendant moves to dismiss Plaintiff's allegations against them pursuant to Fed. R. Civ. P 12(b)(6) and Rule 17 on the grounds that Plaintiff's complaint fails to name

- 1 -
**DEFENDANT KRISTA HEMMING'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

the real parties in interest and failed to allege sufficient facts to support their causes of action for Copyright Infringement and Defamation.

This motion is based on the attached Memorandum of Points and Authorities, and attachments thereto, the pleadings and records in this case, upon oral argument presented during the hearing on this matter, and upon such other matters as the Court may deem appropriate.

DATED: June 3, 2021            By: _____
                                                        KRISTA R. HEMMING
                                                        **Pro Se**

THE HEMMING FIRM
222 WEST 6TH STREET, STE 400
SAN PEDRO, CA 90731

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On February 12, 2021, Plaintiff filed a civil lawsuit alleging Copyright Infringement under 17 USC title 17, and "Defamation by libel" under 28 USC § 4101. In his complaint Plaintiff alleges defendants Krista Hemming, erroneously sued as Krista Heming, individually and dba The Hemming Firm, erroneously sued as The Heming Firm, LLC, were employed as his legal counsel to review a video of a police interrogation. Plaintiff claims he terminated the relationship. Plaintiff then alleges the video was published in several locations. Plaintiff additionally alleges he was the victim of "defamation by libel."

There were two sets of summonses issued by the court, the first on February 12, 2021, and the second on April 05, 2021. A review of all summonses issued in this case to Defendant Krista Hemming is fatally flawed as they do not contain the parties proper names, as captioned in this case. On or about May 12, 2021, Plaintiff attempted service on Defendants Krista Hemming and The Hemming Firm by leaving a copy of a summons and the complaint at the business address of 222 West 6th Street, Ste 400, in San Pedro, California. Plaintiff did not follow up, as required by California law, by mailing a copy of the summons and complaint by first-class mail, postage prepaid to Krista Hemming at the place where copies were left. As the summons issued in this case were faulty, and service of the same was ineffective Plaintiff's Complaint must be stricken, or in the alternative, service quashed.

Further, Plaintiff has failed to plead cognizable facts sufficient to state a claim in which relief can be granted. First, Plaintiff has not named any real parties in interest as required by the Fed. R. Civ. P. rule 17. Plaintiff has improperly plead himself as David Worden when the copyright Certificate of Registration is registered to an Earl David Worden. Additionally, Plaintiff has plead Defendants Krista Heming, who does not exist, and The Hemming Firm,

LLC, who also does not exist. Second, Plaintiff has plead no plausible facts regarding defendant Krista Hemming's alleged copyright infringement under Chapter 17. Finally, Plaintiff has sued defendants for "Defamation by Libel" under 28 U.S.C § 4101, however, no such cause of action exists. Defendant Krista Hemming, individually, and dba The Hemming Firm moves for a dismissal of the Complaint under Fed. R. Civ. P. 12(b).

## ARGUMENT

**I. The Court Should Dismiss the Complaint Against Defendant Krista Hemming As The Summons Is Faulty And Insufficient.**

Federal Rules of Civil Procedure, rules 12(b)(4) provides a party may move to dismiss a complaint for insufficient process, or form of summons. *Haven v. Polska*, 215 F.3d 727, 732 (7th Cir. 2000). A motion to dismiss under Rule 12(b)(4) requires the defendant to establish insufficient process under Rule 4 of the Federal Rules of Civil Procedure. *Hoffman v. Bailey*, 996 F. Supp. 2d 477, 481 (E.D. La. 2014). This objection concerns the form of the process rather than the manner or method of its service. *Gartin v. Par Pharm. Cos., Inc.*, 289 Fed. Appx. 688, 691 n.3. (5th Cir. 2008) (citing 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353). Federal Rules of Civil Procedure rule 4 states the contents of a summons must "(A) name the court and the parties; (B) be directed to the defendant." Fed. R. Civ. P. 4 (a)(1)(A) and (B).

In this case there were two summon issued by the Court. The first was issued on February 12, 2021, and the second was issued on April 5, 2021 (attached hereto as "Exhibit A" and Exhibit B"). In this case it is impossible to tell which summons was served on Defendants, as explained below, service was not executed on defendants Krista Hemming, individually, and dba The Hemming Firm, however, both summonses are insufficient.

THE HEMMING FIRM
222 WEST 6TH STREET, STE 400
SAN PEDRO, CA 90731

In the first summons the caption lists plaintiff as "Dave Worden" when the proper party, as plead in the caption of the complaint is "David Worden". Additionally, summons one lists the defendant and persons to be served as Krista Heming. The undersigned and responding party, and likely intended defendant is Krista Hemming. The second summons is equally flawed. Summons two caption lists defendant "KRISTA FLEMING", whereas the defendant to be served is named as KRISTA HEMING, neither of which is Krista Hemming, the undersigned and responding party. Both summonses contain fatal errors in the caption and misname the undersigned responding party. If Krista Hemming is the intended defendant neither "KRISTA FLEMING" nor "KRISTA HEMING" is her, therefore the summons and complaint must be dismissed.

Equally, the summons and complaint against "The Heming Firm, LLC" must be dismissed. First, As explained below, "The Heming Firm, LLC" does not exist as alleged by Plaintiff in paragraph eight of his complaint, but also summons one and two contain the same fatal flaws in the captions.

**II. The Court Should Dismiss The Complaint Against Defendant Krista Hemming As Plaintiff Has Failed To Serve The Defendant As Required By Law.**

A party may also challenge a claim, and a court may properly order the dismissal of a claim, where service of process was insufficient. Fed. R. Civ. P. 12(b)(5). Where a defendant challenges the service of process, the plaintiff bears the burden of establishing validity of service. *Mann v. Castiel*, 681 F.3d 368, 373 (D.C. Cir. 2012). Challenges to the manner of service are interpreted strictly. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991). A defendant's actual knowledge of the lawsuit is not sufficient to cure defectively executed service. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

**DEFENDANT KRISTA HEMMING'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

**1. <u>Plaintiff did not serve Krista Hemming in compliance with federal law.</u>**

Federal Rules of Civil Procedure, rule 4 (e) (2) state a named defendant may be served in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service." Fed. R. Civ. P. 4 (e) (2) (A), (B), and (C).

On or about May 21, 2021, Plaintiff filed with the court two proof of services, one for Krista Hemming, and the other for "Hemming Law Firm". As a preliminary matter, it is important to note that neither of the proofs of services name a proper defendant. As noted above, Krista Hemming is not named on either of the summons or in Plaintiff's complaint, and neither is "Hemming Law Firm". Plaintiff's summons and complaint does not plead "Hemming Law Firm" as a defendant, but rather a nonexistent fictitious entity "The Heming Firm, LLC."

Plaintiff's Proof of Service states that a copy of the summons and complaint were served on defendants through "receptionist Megan" who is designated by law to accept service of process. First, as discussed below, "The Heming Firm, LLC" and/or "Hemming Law Firm" does not exist. What does exist is a fictitious business name of "The Hemming Firm" which is a dba for Krista Hemming. If Plaintiff was attempting to serve the dba of "The Hemming Firm' the only authorized agent for service is Krista Hemming, the individual and not "receptionist Megan".

Second, the served individual Krista Hemming does not have a named or authorized agent of service. Krista Hemming is an adult individual with no guardian or otherwise authorized person or entity with the power to accept service on her behalf, and no such power or

authorization was bestowed on "receptionist Megan". It can be assumed, and is assumed, for the purpose of this motion, Plaintiff attempted to rely on California State Law to effectuate service as allowed under Fed. R. Civ. P. 4 (e) (1).

### 2. Plaintiff did not serve Krista Hemming in compliance with California law.

The Federal Rules of Civil Procedure also allow for service to be effectuated by "following state law for serving a summons in an action brough in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4 (e) (1). California state law provides "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Civ. Proc. Code § 415.10. Substitute service is possible by "leaving a copy of the summons and complaint during usual office hours in his or her office … with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing." Cal. Civ. Proc. Code § 415.20.

The undersigned concedes her business address, as listed with the California State Bar, and published on their website is 222 West 6th Street, Ste 400, San Pedro, CA 90731. The undersigned also concedes that service could have been completed by leaving a copy of the summons and complaint, during business hours at her regular place of business. However, service is only deemed complete if the plaintiff also mails a copy of the summons and complaint to same business address. In this case, Plaintiff did not mail a copy of the summons and complaint to Krista Hemming at her business address of 222 West 6th Street, Ste 400 in San Pedro, California in accordance with state law.

Therefore, the summons and complaint must be dismissed, or in the alternative, service must be quashed, as Plaintiff did not serve the summons and complaint in accordance with either federal law or state law.

### III. The Court Should Dismiss The Entire Complaint Against Defendant Krista Hemming, As Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted.

Federal rules of Civil Procedure allow for the Court to dismiss an entire complaint, or individual claims based on a failure to plead facts which constitute a cognizable claim. Fed. R. Civ. P. 12 (b) (6). Rule 12(b)(6) motions in any civil case is analyzed under the standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Iqbal*, 556 U.S. at 678-79. In reviewing a Rule 12(b)(6) motion, the court must consider whether, plaintiff's complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is ***plausible on its face***.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), (emphasis added).

"[C]onclusory allegations of law and unwarranted inferences" are insufficient. *Associated Gen'l Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if true, will prove [the claim]," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. See *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Plaintiff's complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief.

*Twombly*, 550 U.S. at 557. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The facts in the Complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. In other words, the complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id*. at 558.

Determining whether a complaint states a plausible claim for relief [is]…a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]…that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted). Further, Plaintiff's complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v.* 550 U.S. at 561 (citation omitted). Plaintiff's obligation to "provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678. In this case dismissal is appropriate as Plaintiff has failed to name the real parties in interest and has failed to adequately plead plausible facts to support the alleged claims.

**1. The Complaint Must Be Dismissed For Failure To State A Claim, As Plaintiff Failed To Plead The Real Parties In Interest.**

Every federal civil action must be prosecuted in the name of the real party in interest.

Fed. R. Civ. P. 17(a). F.R.C.P. 17(a) requires that "the action must be brought by the person entitled under the governing substantive law to enforce the asserted right." *Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992), cert. Denied, 506 U.S. 906 (1992). *See also United HealthCare Corp. v. American Trade Insurance Co., Ltd.*, 88 F.3d 563, 568-69 (6th Cir. 1996)("this rule requires that the party who brings an action *actually possess*, under the substantive law, the right sought to be enforced")(emphasis added); *Boeing Airplane Co. v. Perry*, 322 F.2d 589, 591 (10th Cir. 1963), *cert denied*, 375 U.S. 984 (1964)("the 'real party in interest' is the one who, under applicable substantive law, has the legal right to bring the suit"). Here, Plaintiff is not the holder of the copyright, and The Heming Firm, LLC does not exist.

### A. David Worden is not the holder of the copy right claim and therefore not the real party in interest.

Attached to Plaintiff's complaint as "Exhibition 1" is copy of what is purported to be the Certificate of Registration for a work titled "Deer Park, Tx=Police Interview 12-11-17" (attached hereto as "Exhibit D") and is referred to in Plaintiff's Complaint as "the video". The Certificate of Registration lists the author, and copyright claimant as Earl David Worden. Plaintiff's Complaint, caption and body name the Plaintiff in this action as "David Worden". Plaintiff David Worden is not the copyright holder, and therefore not a party in interest under Fed. R. Civ. P. 17. As Plaintiff David Worden is not the proper party in interest, and not the copyright holder he lacks standing and therefore, Plaintiff's copyright claim fails on its face and the complaint must be dismissed in it's entirety.

### B. The Hemming Firm, LLC is not the real party interest as it does not exist and is not a legal entity.

Just as there must be a proper party to bring the claim, there must be a real and proper

party to defend the claim. Plaintiff's complaint names defendant "The Heming Firm, LLC" as "an incorporated fictitious person registered in the state of California. (Pl. Compl. ¶ 8). However, a simple records search with the California Secretary of State shows that no such business entity exists. Attached hereto as Exhibit E is search results from the California Secretary of State Business search engine. The search results show that there are no entities, Limited Liability Corporation or otherwise, that is registered with the State of California by the name of "The Heming Firm" or "The Hemming Firm". The complaint as to the Heming Firm, LLC must be dismissed in its entirety because "The Heming Firm, LLC" as plead in Plaintiff's Complaint is a non-existent entity, and therefore cannot be considered a proper party.

In the spirit of complete candor with the Court, the undersigned, Krista Hemming, does, as an individual, operate under the fictitious business name The Hemming Firm. In or about May 1, 2018, Krista Hemming did file a Fictitious Business Name Statement in the County of Los Angeles. (Attached hereto as Exhibit "F"). Krista Hemming is a solo practitioner who does business as The Hemming Firm. It is not a limited liability corporation, nor is it incorporated under the law of California as a corporation, it is simply a dba.

**2. Plaintiff Failed To Allege Sufficient Facts To Constitute A Copyright Infringement Claim Under Federal Law Against Defendant Krista Hemming.**

Plaintiff's Complaint alleges Copyright Infringement under 17 U.S.C. Chapter 5. (See, Pl. Compl. ¶ 4). While not specified it is assumed, for the purpose of this motion, and believed Plaintiff is alleging a cause of act arising under 17 U.S.C. § 501, which authorized a cause of action against anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission. This cause of action has two elements. First, the Plaintiff must show that they are the owner of a valid copyright, and two defendant copied original express from the copyrighted work. *Feist Publications v. Rural Telephone Service Co.*,

499 U.S. 340 (1991).

To establish the defendant's liability on a direct infringement theory, the plaintiff must show that the defendant was the cause of the infringement. *See, Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) ("where it is clear that infringement has occurred, courts must determine 'who is close enough to the [infringing] event to be considered the most important cause'" (citation omitted)); *see also VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019) ("'[D]irect infringement requires 'active' involvement.").

In *Skidmore v. Led Zeppelin,* a case involving the alleged copyright infringement of a musical composition, the Ninth Circuit worded the elements differently stating "proof of copyright infringement requires [the plaintiff] to show: (1) that he owns a valid copyright in [the work]; and (2) that [the defendant] copied protected aspect of the work . . . The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful appropriation.'" 952 F.3d 1051, 1063 (9th Cir. 2020), (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018)).

Here, Plaintiff fails to state a claim upon which relief can be granted because, as stated above he is not the owner of a valid copyright. Even if the Court does find that Plaintiff is the valid owner, he still has failed to plead any facts that would constitute a plausible claim against the undersigned. Plaintiff's Complaint mentions Krista only three times. First, Plaintiff alleges he hired Krista in December of 2017, and alleges she agreed to review "the video" and make an "evaluation of Worden's possible legal vulnerabilities", Plaintiff then alleges he terminated the relationship in March of 2018. (Pl. Compl. ¶ 15-17). The next time Krista is mentioned is four pages later when Plaintiff alleges that Krista stole the video and "converted the property and thereby granted unlawful access to others." (Pl. Compl. ¶ 31). Even if these allegations are true the are insufficient to state a claim.

**DEFENDANT KRISTA HEMMING'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)**

As a preliminary matter, the Complaint is unclear what statute this claim is to be prosecuted under, as Plaintiff merely states that it has been brought under 17 U.S.C Chapter 5. (Pl. Compl. ¶ 4) ". This lack of clarity alone should be enough for the Court to dismiss the Complaint, however for the purposes of this motion, it is assumed Plaintiff meant to plead 17 U.S.C. § 501. Under a section 501 claim, Plaintiff must not only plead he is the copyright owner, which he has failed to do, but also that Krista Hemming copied a protected aspect of his work, and unlawfully appropriated it.

Plaintiff's Complaint if void of any facts that meet this standard. Plaintiff's contradictory and conclusory statement fall significantly short of the pleading threshold. Plaintiff plead no facts that allege Krista reproduced, distributed, or publicly displayed his copyrighted material. In fact, Plaintiff presented no facts that Krista even had a copy. Plaintiff's complaint merely states the allegation that Plaintiff and Krista "agreed that she would review the video." (Pl. Compl. ¶ 16). Plaintiff's Complaint is void of the simple facts that is elemental in any complaint, the where, when, and how. When did Krista get the video, and how and where was it given to her? Likewise, Plaintiff's allegation that Krista stole the video is wholly unsupported by any facts. Again, when did Krista steal the video, how did Krista steal the video and where did Krista steal the video? These unanswered questions are why Plaintiff's Complaint does not meet the threshold to state a claim under Fed. R. Civ. P. 12 (b) (6) and must be dismissed.

Further, Plaintiff has not alleged facts showing that Krista copied, distributed, or unlawfully appropriated copyrighted works. Whether Krista received the video by review or by theft, there is no showing as to the when, where and how the material was copied, distributed or unlawfully appropriated. Plaintiff's conclusory statement are void of any facts or plausibility and the undersigned Motion to Dismiss the Complaint should be granted.

### 3. **Plaintiff Complaint, Or In The Alternative Plaintiff Cause Of Action For Defamation, Must Be Dismissed Because Plaintiff Has Failed To Plead A Viable Cause Of Action.**

Plaintiff's complaint alleges that this Court has jurisdiction over this case based on 28 U.S.C.§ 4101 for defamation by libel. (Pl. Compl. ¶5). This is the only reference Plaintiff makes to any law or statute regarding his defamation by libel claim. However, Plaintiff cannot claim a cause of action under this law, because 1) none exists, and 2) if one does exist, it is does not apply in this case. 28 U.S.C. § 4101, as cited in Plaintiff's complaint is a U.S. code that sets forth the definition for defamation as it is used in that specific chapter of the U.S. Code. (28 U.S.C. § 4101(1)). 28 U.S.C. § 4101 does not, by way of defining a term create a cause of action, it merely defines that term as it is used later in that section or chapter.

Further, section 4101 of 28 U.S.C. Chapter 181 deals with Foreign Judgments, and the recognition of such judgments issued in foreign courts, an issue that was not plead in Plaintiff's Complaint, nor is it appropriate based on the facts that were plead. The Court must dismiss Plaintiff Complaint in its entirety, or at the very least strike Count 2 of Plaintiff's Complaint, as Plaintiff has failed to state a claim on which relief can be granted because the code section, he is relying on is not a federal cause of action for defamation, nor is it relevant here.

## CONCLUSION

Dismissal of Plaintiffs Complaint under the Federal Rules of Civil Procedure 12(b) is appropriate in this case for the following reasons. One, the summons issued in this case is faulty and insufficient. Two, Plaintiff did not effectuate proper service on defendant Krista Hemming, and three Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint is not sufficient under Fed. R. Civ. P. 12 (b) (6) because Plaintiff is not the proper

party in interest, The Heming Firm, LLC does exist, and Plaintiff's Complaint pleads no cognizable plausible facts against Krista Hemming to constitute a violation of federal copyright law, and Plaintiff's Complaint does not state a valid and viable claim for defamation by libel.

DATED: June 3, 2021

By: _____
KRISTA R. HEMMING
**Pro Se**

THE HEMMING FIRM
222 WEST 6TH STREET, STE 400
SAN PEDRO, CA 90731